# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| FUN VALLEY PARK INC. | CASE NO. 10-08563 BKT |
| | CHAPTER 11 |
| DEBTOR | |

**(URGENT)**
**DEBTOR'S MOTION REQUESTING ORDER**
**ON ADEQUACY OF PREPA POST PETITION BOND PURSUANT TO**
**11 U.S.C. SECTION 366(c)(3)(A)**

**TO THE HONORABLE COURT:**

    **COMES NOW**, Fun Valley Park Inc., as Debtor in Possession, by the undersigned attorney, who respectfully states and prays as follows:

## PROCEDURAL BACKGROUND

1. Fun Valley Park Inc. filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code on September 16, 2010 including the required schedules and statement of financial affairs (Docket No. 1).

2. Since the filing of the petition, Debtor has been managing the affairs and operating the business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Debtor currently operates a recreational and amusement park located at Road Number 10, Tanamá Ward, Arecibo Puerto Rico. The park continues the customary operating hours of the business.

4. This Motion refers to this amusement park from which Debtor will continue to operate and that require electric power services. In that regard, Debtor has and will uphold the new PREPA's account number 071-05221001-003.

5. On February 1, 2011, the Puerto Rico Electric Power Authority (hereinafter PREPA) sent a letter to debtor requesting a new bond for the mentioned account number in the total amount of $15,000.

6. In this letter, PREPA informs that offer at extension of time of ten (10) days to Debtor to shown the new global bond, on or before February 11, 2011. After this date, personnel of PREPA have threatened that they may disconnect the electric services at Fun Valley Park. See copy of letter in the attached Exhibit 1.

7. As adequate assurance of future performance to PREPA regarding the account number 071-05221001-003 listed in paragraph 4 of this motion and in compliance with its demand for adequate assurance of payment, Debtor has offered to PREPA a supplementary surety bond in the aggregate amount of $15,000. This aggregate bond is divided in three service contract bonds as follows: (A) Bond #1303118000181 in the amount of $5,000 from MAPFRE/Puerto Rico; (B) Bond #100067957 in the amount of $5,000 from Universal Insurance Company and (C) Bond #2011-121 in the amount of $5,000 from Newport Bonding & Surety Company. See copies of these bonds in the attached Exhibit 2.

8. The aggregate bond of $15,000 had been split in three separate bonds of $5,000 since, on business considerations and the facts of this case, bonding companies have limited coverage to the amount detailed above.

9. Debtor in expedite manner provided all documentation and information requested by bonding companies obtaining and providing compliance with the amounts requested by PREPA.

10. Now, after providing evidence of the available bond contracts, PREPA's personnel have informed that they will not accept separate bonds requiring a single individual bond contract in the amount of $15,000. On limitations imposed by the insurance providers, debtor is unable to comply with this requirement.

11. Debtor further states that since filing of the bankruptcy petition it has been up to date paying all its current electricity services invoices.

## DISCUSSION

12. 11 U.S.C. Section 366(c), provides special rules with respect to adequate assurance of future payment in chapter 11 cases. Specifically, Section 366(c)(2) alters the procedures applicable to the provision of adequate assurance by essentially requiring that the debtor pay what the utility demands, unless the court orders otherwise. It further allows the utility to alter, refuse or discontinue service if the debtor does not, within 30 days of the petition, provide adequate assurance that is satisfactory to the utility.

13. Now, the Code provides an opportunity for debtor to contest the adequate assurance demand by the utility service provider. Section 366(c)(3)(A) states that "On request of a party and after notice and a hearing, the court may modify the amount of adequate assurance demanded by the utility." Our emphasis. With this statutory background on mind, let's review the facts known to this contested matter.

*Debtor has complied with PREPA's Post-Petition Requests for Adequate Assurance:*

14. Averments 7 and 8 of this motion constitute assurance of payment in compliance with section 366(c) (1) of the Bankruptcy Code. The amounts offered on bond are sufficient to cover PREPA's request. Without providing any rational or logical explanation, PREPA's personnel claim that the amount of a bond be fixed in a single contract. This request is unfounded and arbitrary.

15. Debtor purports that PREPA's interest and future assurance of payment in electric services to be rendered at the estate property are adequately covered by the bond amounts offered and available.

16. Adequate assurance under section 366(b) is most often provided through payment of a deposit. The Code gives no guidance regarding the amount that is appropriate. Nonetheless, it is clear that the court may set a deposit amount based upon the circumstances of the particular case, since the authority for the deposit is derived from the Code and not state law[1].

17. Debtor should not be penalized by limitations beyond its control in the establishment of utilities bonds. The principal and lawful requirement in this case has been complied. On the particular conditions and facts on this estate, the request of providing a single contract has no legal nor factual support, is burdensome to the estate and shall not be allowed by the Honorable Court.

**WHEREFORE,** debtor very respectfully requests from this Honorable Court to enter Order deeming Debtor in compliance with the provisions of 11 U.S.C. §366; ruling that Debtor has afforded PREPA with adequate assurance of payment for post-petition services to the Debtor and order to PREPA to accept the Bonds #1303118000181; 2011-121 and 100067957 in compliance with this adequate assurance. In the alternative and in order to avoid unwarranted electric service interruption actions that may be undertaken by PREPA, to schedule a hearing pursuant the provisions of 11 U.S.C. Section 366(c)(3)(A) at the sooner available day in the Court's calendar to consider and resolve the contested matter raised by PREPA and to grant any further relief as deemed appropriate.

---

[1] Sharon Steel Corp. v. Fuel Gas Distribution Corp., 871 F.2d 1217 (3d Cir. 1989) ; *In re* Robmac, Inc., 8 B.R. 1 (Bankr. N.D. Ga. 1979)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** That on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the parties appearing in said system.

**I HEREBY CERTIFY:** That on this same date, copy of this motion was sent to PREPA to the following address and fax numbers: **María Gorbea**- Bankruptcy Office, PO Box 364267 San Juan, Puerto Rico 00936-3508 and fax number 787.521.4430; **Mr. Adalberto Rubio Cruz**, Gerente Distrito Arecibo, Apartado 1148, Arecibo PR and fax number 787.816.6238 and to the **US Trustee Office** 500 Tanca Street, Ochoa Building, Suite 301, San Juan, Puerto Rico 00901-4922.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 9 day of February of 2011.

*/s/ Wigberto Lugo Mender*
**WIGBERTO LUGO MENDER**
**ATTORNEY FOR DEBTOR**
USDC-PR 212304
Lugo Mender & Co.
Centro Internacional de Mercadeo
Carr. 165 Torre I Suite 501
Guaynabo, PR 00968
Tel. (787)707-0404
Fax (787)7007-0412
wlugo@lugomender.com

## LOCAL BANKRUPTCY RULE 9013(C) CERTIFICATION

I, Wigberto Lugo-Mender, Attorney for Debtor of the herein bankruptcy estate, hereby certify, pursuant to Local Bankruptcy Rule 9013, that I have carefully examined the matter and concluded that there is a true need for an emergency hearing, and that neither I or the debtor have created the emergency through any lack of due diligence.

*/s/ Wigberto Lugo Mender*
**WIGBERTO LUGO MENDER**
**ATTORNEY FOR DEBTOR**
USDC-PR 212304
Lugo Mender & Co.
Centro Internacional de Mercadeo
Carr. 165 Torre I Suite 501
Guaynabo, PR 00968
Tel. (787)707-0404
Fax (787)707-0412
wlugo@lugomender.com