IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                               *
                                     *
FUN VALLEY PARK INC.                 *   CASE NO. 10-08563 (BKT)
                                     *
DEBTOR                               *
****************************************

PLAN OF REORGANIZATION
MAY 24, 2011

The above captioned debtor, by and through the undersigned counsel, hereby submits the following proposed plan of reorganization pursuant to the provisions of 11 U.S.C. Section 1101, et seq., known as United States Bankruptcy Code Chapter 11 Reorganization, and specifically to 11 U.S.C. Section 1121(a).

Pursuant to the provisions of Sections 1122 and 1123 of the Code, debtor proposes the classification and treatment of claims as hereinafter stated.

Creditors and other parties in interest are urged to read and consider this Plan in its entirety since this represents a proposed legally binding agreement between the debtor, creditors and parties in interest.

## ARTICLE I
## DEFINITIONS

For the purposes of this Plan of Reorganization, the following terms shall have the respective meanings set forth.

1. **"Administrative Creditor"** shall mean a person entitled to payment of an Administrative Expense Claim.

2. **"Administrative Expense Claim"** shall mean any Claim constituting a cost or expense of administration of the Chapter 11 proceeding allowed under 11 U.S.C. Sec. 503(b) and 507(a)(1).

3. **"Allowed Claim"** shall mean any Claim, proof of which was properly filed on or before the Bar Date set by the Bankruptcy Court, namely January 23, 2011, or if no proof of claim

has been so filed, which has been or hereafter is listed as liquidated in amount and not in disputed, contingent or unliquidated in the Debtor's schedules of assets and liabilities filed with the Bankruptcy Court (as they may be amended or supplemented from time to time according to the Bankruptcy Rules) and, in either case, a Claim to which no objection to the allowance thereof has been interposed within the applicable period of limitation (if any) fixed by the Bankruptcy Court, or about which any objection has been determined by a Final Order. Unless otherwise provided for in this Plan, "Allowed Claim" shall not include interest, costs, fees, expenses or other charges on the principal amount of such Claim from and after the Petition Date.

4. **"Allowed secured Claim"** shall mean any Allowed Claim, which is a Secured Claim and shall include in the amount thereof -- unless otherwise stated in this Plan - all interest accrued on or after the Petition Date, fees, costs, and charges as may be allowed.

5. **"Bankruptcy Code"** or **"Code"** shall mean the provision of Title 11 of the United States Code, 11 U.S.C. Sections 1101 et seq., as amended from time to time.

6. **"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the District of Puerto Rico, having jurisdiction over this Chapter 11 proceeding, or such other court as may be exercising jurisdiction over this Chapter 11 proceeding.

7. **"Bankruptcy Rules"** or **"Rules"** shall mean the Federal Rules of Bankruptcy Procedures, as amended from time to time.

8. **"Bar Date"** shall mean the deadline of January 23, 2011, after which any proof of claim filed will not have any effect on this Plan and will not entitle its holder to participate with other Claims under this Plan. The government bar date is March 19, 2011.

9. **"Claim"** shall mean any right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, continent, matured, unmatured, disputed, undisputed, secured or unsecured.

10. **"Class"** shall mean a category of holders of Claims or Interests that is substantially similar to other claims or Interests in such Class.

11. **"Confirmation Date"** shall mean the date the Order of Confirmation in this Chapter 11 proceeding made according to the provisions of 11 U.S.C. Section 1129 becomes a Final Order.

12. **"Consummation Date"** shall mean the date by which all of the conditions precedent

to consummation set forth in this Plan, shall have been met or waived.

13. **"Cramdown"** shall mean the confirmation of the Plan under the provisions of 11 U.S.C. §1129 (b).

14. **"Creditor"** shall mean any Person who has a Claim against the Debtors, which arose on or before the Petition Date or a Claim of any kind specified in 11 U.S.C. Sections 502(g), 503(h) or 502(I).

15. **"Creditors' Committee"** shall mean the elected committee that represents the Creditors in this proceeding pursuant to 11 U.S.C. Section 705.

16. **"Debtor"** shall mean, Fun Valley Park Inc.

17. **"Disclosure Statement"** shall mean the Disclosure Statement filed by Debtor with the Bankruptcy Court in this Chapter 11 Proceeding and dated May 24, 2011, pursuant to 11 U.S.C. Section 1125, approved by the Bankruptcy Court and distributed to all Creditors and parties in interest, according to the provisions of the Code and Rules.

18. **"Effective Date of the Plan"** shall mean thirty (30) days after the confirmation order of the plan becomes a final order, or July 30, 2011, the later of the two dates, and shall be the date on which there shall be made all initial cash payments required by the Plan. In the case of unsecured portion, the effective date will be six month after the confirmation order of the plan.

19. **"Estate"** shall mean the Property owned by the Debtor that comprises the Chapter 11 estate of the Debtor in the above-captioned Consolidated Chapter 11 proceeding.

20. **"Final Order"** shall mean an Order of the Bankruptcy Court (or other court of appropriate jurisdiction) which shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired, and about which, no appeal or petition for review or rehearing or certiorari proceeding is pending, as a result of which such Order shall have become final according to Rule 8002 of the Rules of Bankruptcy Procedure, as such Rules may be amended from time to time.

21. **"Lien"** shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on Property as is effective under applicable law as of the Petition Date.

22. **"Liquidation"** shall mean the complete liquidation of the Property of the Debtor's Estate, by a duly appointed trustee, according to the provisions of Chapter 7 of the Bankruptcy Code.

Fun Valley Park Inc.
Case no. 110-08563 BKT
Plan of Reorganization

23. **"Liquidation Analysis"** shall mean the comparison of the current assets and liabilities of the Debtor, in order to determine the Liquidation Value of the Debtor's Property.

24. **"Liquidation Value"** shall mean the value that any item of the Debtor's Property could be expected to bring during a Liquidation.

25. **"Order of Confirmation"** shall mean the Order of the Bankruptcy Court confirming this Plan according to the provisions of Chapter 11 of the Bankruptcy Code.

26. **"Person"** shall mean any individual, corporation, partnership, association, joint stock company, trust, unincorporated organization, government or any political subdivision thereof, or other entity.

27. **"Petition Date"** shall mean September 16, 2010.

28. **"Priority Claim"** shall mean any Allowed Claim, other than an Administrative Expense Claim or Priority Tax Claim, to the extent entitled to priority in payment under 11 U.S.C. Section 507(a).

29. **"Priority Creditor"** shall mean any Creditor that is the holder of a Priority Claim.

30. **"Priority Tax Claim"** shall mean any Allowed Claim of any Person who is entitled to a priority in payment under 11 U.S.C. Section 507(a)(8).

31. **"Priority Claim"** shall mean any Allowed Claim of any Person who is entitled to a priority in payment under 11 U.S.C. Section 507.

32. **"Property"** shall mean the property of the Estate, which shall be administered by the Debtor.

33. **"Pro Rata"** shall mean in the same proportion that a Claim or Interest in a given Class bears to the aggregate amount of all Claims (including disputed Claim until allowed or disallowed) or the aggregate number of all Interests in such Class.

34. **"Secured Claim"** shall mean a Claim, the holder of which is vested with a perfected, non voidable Lien on Property in which the Debtor has an interest, which Lien is valid, perfected, and enforceable under applicable law and not subject to avoidance under the Bankruptcy Code or other applicable non bankruptcy law, and is duly established in this case, to the extent of the value of such holder's interest in the Debtor's interest in such Property, as determined according to 11 U.S.C. Section 506.

Fun Valley Park Inc.
Case no. 110-08563 BKT
Plan of Reorganization

35. **"Secured Creditor"** shall mean a Creditor who has a Secured Claim.

36. **"Substantial Consummation"** of this Plan shall mean any of the events provided for on 11 U.S.C. Sec. 1101(2).

37. **"Trustee"** shall mean the consolidated Debtor-in-Possession.

38. **"Unsecured Claim"** shall mean a Claim, which is other than an Administrative Expense Claim, a Secured Claim or a Priority Claim (including a Priority Tax Claim or a Priority Wage Claim), including any Claim specified in 11 U.S.C. Sections 502(g), 502(h) or 502(I).

39. **"Unsecured Creditor"** shall mean a creditor that is a holder of an Allowed General Unsecured Claim.

40. **"Voluntary Petition"** shall mean the voluntary Petition for Relief filed by the Debtor on the Petition Date.

## ARTICLE II
## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS
## AND TREATMENT OF CLASSES

**A.    DESIGNATION OF CLAIMS**

The Plan divides the creditors into FOUR (4) classes. The classes of creditors are as follow:

**1.    CLASS 1:    ADMINISTRATIVE EXPENSES**

**Class 1 – General Administrative Expenses**: Shall consist of Allowed Administrative Expense Claims, as provided under sections 507 (a)(1) and 507(b) of the Bankruptcy Code including, without limitation, costs and expenses allowed under section 503 (b) of the Bankruptcy Code, the actual and necessary costs and expenses of preserving the Debtors' Estate and Professional Fee Claims and any fees or charges assessed against the Debtors' Estate under 28 U.S.C.§ 1930. This class including, but not limited to, the United States Trustee's quarterly fees; fees and expenses of Debtors' counsel, special counsel, external auditor and other professionals as may be allowed by the Bankruptcy Court upon application therefore and after notice and hearing according to the Bankruptcy Code and Rules and; any unpaid taxes or fees accrued since petition date as well as court costs accrued since the petition date.

5

Debtor estimates the liability in this Class 1 in the amount of $29,795.

## 2. CLASS 2: SECURED CREDITORS - DEBTS RESTRUCTURED

This class accounts for secured creditors with interest in property necessary for the reorganization process and/or to be retained by the reorganized debtor. For presentation purposes and clarity, claimants under this class have been named under sub classes but they are still intended to vote under a single class.

### Sub-Class 2.1 BANCO DE DESAROLLO DE PR

Banco de Desarollo para Puerto Rico filed proof of claim number 7 in the total amount of $1,441,902. This amount is in regards to certain commercial loans granted to Fun Valley Park Inc. The amount due under this loan is secured with a first rank mortgage note and pledge agreement encumbering debtor's commercial property located at Road Number 10, Tanamá Ward, Arecibo Puerto Rico.

### Sub-Class 2.2 US SMALL BUSINESS

Debtor scheduled the amount of $720,000 in favor of US Small Business. This amount entails a commercial loan secured by debtor's commercial property located at Road Number 10, Tanamá Ward, Arecibo Puerto Rico.

## 3. CLASS 3: GENERAL UNSECURED CREDITORS

General unsecured creditors considering those listed by the Debtor, those who filed a proof of claim and those secured creditors, who after Debtor's efforts have agreed to be considered part of their claim as unsecured, are included in this class. The debt under this class has been estimated by debtor in the amount of $543,133.

## 4. CLASS 4: EQUITY SECURITY INTEREST HOLDERS

Equity security and interest holders are the current owners of the common stocks of the Debtor. The current stockholders of the corporation are: Mr. Rafael Aviles Cordero and Mrs. Aurea E. Jiménez Cubero, the founders of the business, which own 100% of the voting common stock. Currently, these stockholders are the principal officers and directors of the corporation and have been actively engaged in Debtor's reorganization process.

Fun Valley Park Inc.
Case no. 110-08563 BKT
Plan of Reorganization

**B.     TREATMENT FOR CLASSES OF CLAIMS AND INTEREST:**

**1.     CLASS 1: ADMINISTRATIVE EXPENSES**

Allowed Administrative Expense Claims, as provided under Section 503 of the Code, shall be paid full in cash as soon as practicable or agreed with the creditor no later than(a) the Effective Date or (b) the date any such claim becomes an allowed Administrative Claim.
This class is not impaired.

**2.     CLASS 2:   SECURED CREDITOR DEBTS RESTRUCTURED**

In general terms, all secured creditors under this class shall retain unaltered their legal equitable and contractual rights over the collateral and extent of security as detailed in the respective mortgage loans but payment and maturity terms will be modified and restructured upon the confirmation of the subject plan of reorganization. Detailed terms for each creditor are as follows.

*Sub-Class 2.1 BANCO DE DESAROLLO PARA PR*

The amounts due under this class will be paid in full but on modified terms. In relation to claim 7 in the amount of $1,441,902, on the effective date of the plan, the outstanding secured debt of this creditor will be restructured into an monthly installment payment plan in order to pay off the secured amount determined herein full in cash at contract interest rate of 4.25%. Monthly payments will be made in the amount of no more than $7,093.29 during a period of 60 months, starting on June 1, 2012. Interest and amortization terms will be renegotiated in after the 61 installments have been provided, stating that the monthly payment remains at least equal to the payment determined herein.

Refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit 4** and the loan calculator table enclosed herein as **Exhibit 5**.

This class is impaired.

*Sub-Class 2.2 US SMALL BUSINESS*

The amounts due under this class will be paid in full but on modified terms. In relation to with the scheduled amount due of $720,000, on the effective date of the plan, the outstanding secured debt of this creditor will be restructured into an monthly installment payment plan in order to pay the secured amount determined herein in full in cash at contract interest rate of 4.25%. Monthly payments will be made in the amount of no more than $3,541.97 during a period of 60 months, starting on June 1, 2012. Interest and amortization terms will be renegotiated after the 61

7

Fun Valley Park Inc.
Case no. 110-08563 BKT
Plan of Reorganization

installments have been provided, asking that the monthly payments remain at least equal to the payment determined herein.

Refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit 4** and the loan calculator table enclosed herein as **Exhibit 6**.

This class is impaired.

### 3.     CLASS 3: GENERAL UNSECURED CREDITORS

On the consummation date, each Class 3 claimant shall receive from the debtor a lump sum payment representing a proportional share of their claim on the aggregate dividend to be provided to this class. The aggregate dividend to this class would be fixed in $20,000 with payments to be distributed pro-rata among the outstanding and allowed claims for each creditor. This payment will be issued within 12 months after the effective date of the plan.

Each check shall be payable at 12 months after the Effective Date as per the Schedule Payments under the Plan of Reorganization are detailed herein as **Exhibit 4.**

This class is impaired.

### 4.     CLASS 4: EQUITY SECURITY INTEREST HOLDERS

Equity Security Interest Holders will not receive any cash dividend throughout this plan. Moreover, any payment on their behalf is subordinated to full payment of the allowed claims as detailed in this plan.

Additionally the equity security holders will retain their interest in the Reorganized Debtor by receiving a distribution of common stock from the Reorganized Company equivalent to their current participation in the corporate debtor. Furthermore, they will also assist the debtor in its reorganization with their experience, knowledge and personal work.

Even though this class is impaired, they will not vote for the plan.

Fun Valley Park Inc.
Case no. 110-08563 BKT
Plan of Reorganization

# ARTICLE III
# PAYMENT OF SECURED AND UNSECURED PRIORITY
# GOVERNMENT CLAIMS UNDER 11 U.S.C. SECTION 507(a)(8):

All allowed unsecured priority claims pursuant to 11 U.S.C. § 507(a)(8) of the Code, as the same are allowed, approved and ordered to be paid by the Court, will be paid as stated below. Debtor estimates the debt as follows:

a. Internal Revenue Service: Secured portion of $494,981 and priority portion of $38,898 as per Proof of Claim #2.
b. CRIM: $57,567 as per Proof of Claim #6.
c. State Insurance Fund Corporation: $10,114 as per Proof of Claim #14.
d. PR Department of Treasury: Secured portion of $203,737 and priority portion of $60,996 as per Proof of Claim #16.
e. PR Department of Labor: Unemployment portion of $35,152 as per Proof of Claim #17.
f. PR Department of Labor: Unemployment portion of $4,422 as per Proof of Claim #18.

All allowed unsecured priority claims, pursuant to 11 U.S.C. § 507(a)(8) of the Code, as the same are allowed, approved and ordered to be paid by the Court, shall be paid in monthly installments commencing on the effective date and during a period not exceeding five years after the date of the assessment of each such claim. Each claim is to be evidenced by a promissory note for the full amount thereof, bearing interest at the statutory rate, dated as of the Effective Date, the value of the future payments to be equal to its allowed amount.

In relation to the claim of IRS, if Debtor fails to: make any deposits of any current employment tax liability; make any payment of any tax to IRS within 10 days of the due date of such deposits or payment; file required federal tax return by the due date; make any payments due to the IRS under this plan, then the IRS may declare that the Debtor is in default, provided that a notice is given in writing to the Debtor to the address of record. If the IRS declares Debtor in default, Debtor must cure that default within 30 days. If the total amount in default is not cured, then the entire imposed liability to be paid under the plan, together with any unpaid current liability, shall become due and payable immediately upon written demand.

The IRS, notwithstanding any stay which may be in effect, may then collect any unpaid liabilities through the administrative collection provision of the IRS.

See Schedule Payments under the Plan of Reorganization, **Exhibit 4**

# ARTICLE IV
# PAYMENTS PROVISIONS UNDER THE PLAN
# (IMPAIRMENT OF EXISTING CLAIMS AND INTERESTS)

As provided by 11 U.S.C. 1124, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such a class, the plan:

(1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; or

(2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default.

- a. cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title;
- b. reinstates the maturity of such claim or interest as such maturity existed before such default;
- c. compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and
- d. does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

# ARTICLE V
# VOTING ON THE PLAN AND COMPLIANCE WITH 11 U.S.C. SECTION 1129

**Unimpaired Claims**: Claims in Class 1 are deemed unimpaired by this Plan in accordance with Section 1124 of the Bankruptcy Code. By virtue of such status, such classes either: are deemed to have accepted the plan in accordance with Section 1126(f) of the bankruptcy Code, or are not otherwise required to have their votes to accept or reject the Plan solicited. Although the claim in Class 4 may be considered impaired, this will not vote because this class will not be receiving any dividend through the Plan. Accordingly, debtor is not required to solicit the votes of such classes with respect to the acceptance or rejection of the Plan.

**Impaired Voting Claims**: For voting purposes, Classes 2.1, 2.2 and 3 are impaired and debtor will solicit the votes of such class with respect to the acceptance or rejection of the Plan

pursuant to the provisions of 11 U.S.C. Section 1126.

## ARTICLE VI
## DISCHARGE OF CLAIMS

Except as otherwise provided for in this Plan or in the Order of Confirmation, the rights granted by the Plan and the payments and distributions to be made there under shall be in complete exchange for, and in full satisfaction, discharge and release of, all existing debts and claims of any kind, nature or description whatsoever against the Debtor. On the Consummation Date, all existing claims shall be deemed to be exchanged, satisfied, discharged and released in full; and all holders of claims shall be precluded from asserting any other or future claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Consummation Date, whether or not such holder filed a proof of claim.

The order of confirmation of this Plan shall constitute an injunction against the pursuit of any claim or Equity Interest, whether or not a proof of claim or proof of interest based on any such debt, liability, or interest is filed or deemed filed, under 11 U.S.C. 501, such claim is allowed under 11 U.S.C. 502 or the holder of such claim has accepted this Plan in the manner set forth herein.

## ARTICLE VII
## OBJECTIONS TO CLAIMS

The debtor, at its option or upon order of the Bankruptcy Court, if requested may file an objection to any claim, as to its validity or amount, within 30 days before the confirmation date and may substitute for the debtor as the objecting party to any pending claim objects. Objections not filed by the confirmation date shall be deemed waived. If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allows such claim and goes accordingly with the provisions of the Plan governing such class to which such claims belongs.

The claim of any creditor that has been scheduled as disputed, but who has not filed a proof of claim, shall be disallowed by confirmation of the Plan, unless written objection to such disallowance is filed prior to the confirmation hearing.

## ARTICLE VIII
## EXECUTORY CONTRACTS

Debtor assumes all unexpired leases and executory contracts to which it is a party and which have not been expressly rejected pursuant to 11 U.S.C. Section 365(a).

## ARTICLE IX
## MEANS OF EXECUTION OF THE PLAN

Upon confirmation of the plan, Debtor shall have sufficient funds to make all payments then due under this Plan. The funds will be obtained from the business' on-going operations of the amusement park named Fun Valley Park located at Arecibo, Puerto Rico. A set of business projections is included herein as **Exhibit 7**.

On the Consummation Date of the Plan, the operation of the named business and other estate assets shall be and may become the general responsibility of the reorganized Debtor ("Reorganized Debtor"), which shall thereafter have the responsibility for the management, control and administration.

As to future management, Debtor (Fun Valley Park) will continue operating the same way it has operated, prior and during the reorganization process. Actually, Mr. Rafael Aviles does not receive any compensation for the work and services provided in the corporation.

## ARTICLE X
## PROVISIONS FOR THE MODIFICATION OF THE PLAN

The debtor may propose amendments or modifications of this Plan at any time prior to its confirmation pursuant to 11 U.S.C. 1127. After confirmation of the Plan, the Reorganized Debtor may, with the approval of the Court and as long as it does not adversely affect the interests of the creditors, remedy any defect or omission, in such manner as may be necessary to carry out the purposes and effects of the same.

## ARTICLE XI
## CLOSING OF THE CASE

At such time as the case has been substantially consummated, this case shall be closed. In order for the case to be closed, debtors shall file an application for final decree showing that the case has been fully administered and the Plan has been substantially consummated. The Court may conduct a hearing upon application thereof and after notice to all creditors and parties in interests. Thereafter, an order approving the debtor's report and closing the case shall be entered.

## ARTICLE XII
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction over this case as is conferred upon it by law,

Fun Valley Park Inc.
Case no. 110-08563 BKT
Plan of Reorganization

rule or statute, or by this Plan, to enable the debtor to consummate any and all proceedings which may bring before or after the entry of the confirmation order, in order to carry out the provisions of this Plan.

Fun Valley Park Inc.
Case no. 110-08563 BKT
Plan of Reorganization

**RESPECTFULLY SUBMITTED,**

In Guaynabo, Puerto Rico, this 24 th day of May of 2011.

**RAFAEL AVILES CORDERO**
President of Fun Valley Park Inc.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** That on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record.

**I HEREBY CERTIFY:** That on this same date, a true and correct copy of the foregoing Plan of Reorganization, has been hand delivered to the United States Trustee, and mailed by first class service to those parties that, in writing, have requested copy of said document, as ordered by the Court.

/S/Wigberto Lugo Mender
**WIGBERTO LUGO MENDER**
**ATTORNEY FOR DEBTOR**
USDC-PR 212304
CENTRO INTERNACIONAL DE
MERCADEO
Road 165 Tower 1 Suite 501
Guaynabo, PR 00968
Tel. (787) 707-0404
Fax (787) 707-0412
wlugo@lugomender.com